[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11943

Non-Argument Calendar

_____

MICHAEL DEWAYNE ARRINGTON,

Plaintiff-Appellant,

*versus*

MIAMI DADE COUNTY PUBLIC SCHOOL DISTRICT,
ALBERTO CARVALHO,
individually and in his official capacity as
Superintendent and/or Director of Miami-Dade
County Public Schools District,
GEORGE T. BAKER AVIATION SCHOOL,
SEAN GALLAGAN,
individually and in his official capacity as
Principal of George T. Baker Aviation School,
GEORGE W. SANDS,

individually and in his official capacity as
Assistant Principal, George T. Baker
Aviation School,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cv-24114-JEM

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Arrington appeals the district court's denial of his motion under Rule 60(b), Fed. R. Civ. P., seeking relief from prior adverse decisions of this Court. After careful review, we affirm.

The relevant background is as follows. Arrington filed a federal civil-rights lawsuit alleging that he was discriminated against based on his race while enrolled in an aviation program at a public technical college in Florida. The district court dismissed the case for failure to state a plausible claim of race discrimination. We affirmed the district court on appeal and denied Arrington's motion to recall the mandate. *See Arrington v. Miami Dade Cnty. Pub. Sch. Dist.* ("*Arrington I*"), 835 F. App'x 418 (11th Cir. 2020).

Arrington returned to the district court and moved for relief under Rule 60(b), asserting that *Arrington I* contained "blatant mistakes." The district court denied the motion, and Arrington appealed. Again, we affirmed, holding that *Arrington I* was law of the case and that no exception applied. *Arrington v. Miami Dade Cnty. Pub. Sch. Dist.* ("*Arrington II*"), No. 21-11569, 2021 WL 4940820 (11th Cir. Oct. 22, 2021).

Undeterred, Arrington filed another Rule 60(b) motion asserting that *Arrington I* was wrongly decided. The district court denied the motion as barred by law of case, reasoning that the issues Arrington raised were expressly decided against him in *Arrington I* and *Arrington II*. That order is the subject of this appeal.

We review *de novo* the district court's application of the law-of-the-case doctrine. *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1285 (11th Cir. 2004). The law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication in a prior appeal. *Oladeinde v. City of Birmingham*, 230 F.3d 1275, 1288 (11th Cir. 2000). Nevertheless, we may reconsider an issue if, among other things, the "prior decision was clearly erroneous and would result in a manifest injustice." *Id.*

Here, the district court properly concluded that law of the case barred Arrington's second Rule 60(b) motion. Arrington maintains that *Arrington I* is not binding because it was clearly erroneous and will work manifest injustice. But he does not identify any specific factual or legal error in that prior decision. And having reviewed his allegations for a third time, we are not persuaded that

the prior decision was clearly erroneous.  Moreover, we already held in *Arrington II* that *Arrington I* is law of the case and that it barred a Rule 60(b) motion seeking reconsideration on the same grounds as the present motion.  Our ruling in *Arrington II* is itself law of the case and provides yet another basis for denial of Arrington's most recent motion.  *See Oladeinde*, 230 F.3d at 1288.

For these reasons, we affirm.

**AFFIRMED.**